IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAROL CHEATHAM                                                                                                PLAINTIFF

vs.                                            Civil No. 4:09-cv-04119

MICHAEL J. ASTRUE                                                                                          DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Carol Cheatham ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for DIB and SSI on September 6, 2007. (Tr. 100-104). Plaintiff alleged she was disabled due to back pain, arthritis in her legs, swelling in her feet and legs, major depression, and schizophrenia. (Tr. 14, 128, 172). Plaintiff alleged an onset date of January 12, 2007. (Tr. 172). These applications were initially denied on November 28, 2007 and were

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

denied again on reconsideration on February 6, 2008. (Tr. 49-55, 58-61).

On February 28, 2008, Plaintiff requested an administrative hearing on her applications. (Tr. 56-57). This hearing was held on February 10, 2009 in Texarkana, Arkansas. (Tr. 5-33). Plaintiff was present and represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff, medical expert Betty Feir, and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See Id.* On the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed the eleventh grade. (Tr. 12).

On May 29, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 41-48). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 12, 2007. (Tr. 43, Finding 2). The ALJ determined Plaintiff had the following severe impairments: affective disorder/major depressive disorder, history of substance abuse, migraines, and back and leg pain. (Tr. 43, Finding 3). The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 44, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 44-47, Finding 5). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations were not totally credible. (Tr. 44).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 45-47, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC

to perform light work with the following limitations:

> only occasional stooping, crouching, crawling, kneeling, balancing, or climbing stairs; no climbing ladders, working at heights, or around moving machinery; limitations in concentration, persistence, and pace resulting in the need for simple tasks and no complex instructions; requires a low stress environment with occasional decision making and occasional changes in the work setting; only occasional interaction with the public and coworkers; afflicted with mild to moderate chronic pain, which is of sufficient severity to be noticeable to her at all times, but she would be able to remain attentive and responsible in a work setting and could carry out normal work assignments satisfactorily; she takes medication for relief of her symptoms, but the medications do not preclude her from functioning at the level indicated and she would remain reasonably alert to perform required functions presented by her work setting; and while functioning at the level indicated, she would find it necessary to change positions from time to time to relieve her symptoms.

(Tr. 44, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 47, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr.13-14, 23-31). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a cook's helper, clean up worker, poultry plant gutter, and auto shop puller. (Tr. 47). The ALJ determined, considering her RFC, that Plaintiff would be unable to perform her PRW. (Tr. 47, Finding 6).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 47, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as a housekeeper with approximately 300,000 such jobs in the nation and 10,000 such jobs in Arkansas, and work as a wrapper, checker or taper with approximately 350,000 such jobs in the nation, and 10,000 such jobs in Arkansas. (Tr. 48). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 17, 2007, through the date of decision. (Tr. 48, Finding 11).

3

On June 2, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.984(b)(2). On October 27, 2009, the Appeals Council declined to review this determination. (Tr. 1-3). On November 5, 2009, Plaintiff appealed the ALJ's decision to this Court. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 8, 9. The parties consented to the jurisdiction of this Court on November 16, 2009. ECF No. 5.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ's decision is not supported by substantial evidence; (2) the ALJ erred by not finding Plaintiff met or equaled a Listing under 12.00; and (3) the ALJ failed to properly consider the combined effects of Plaintiff's impairments. In response, Defendant argues: (1) the ALJ properly considered the combined effects of Plaintiff's

impairments; (2) the ALJ properly determined Plaintiff did not meet or equal a Listing; (3) substantial evidence supports the ALJ's RFC determination; (4) the ALJ presented a proper hypothetical question to the VE; and (5) the ALJ satisfied his duty to develop the record.  Plaintiff did not raise the issue of the ALJ's assessment of Plaintiff's credibility as it relates to the RFC determination.  A review of the record shows the ALJ erred in assessing Plaintiff's subjective complaints, therefore, the Court will address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ discredited the Plaintiff's testimony regarding her subjective complaints when he made his RFC determination. (Tr. 44). However, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused almost entirely upon Plaintiff's medical records. (Tr. 45-47). Further, instead of evaluating the *Polaski* factors and noting inconsistencies between the record and Plaintiff's testimony, the ALJ stated the following:

> In making this [RFC] finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(Tr. 44).

This lack of analysis is insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find

Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **23rd day of March, 2011.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.